UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-24-HRW

SANDRA ROWE,                                           PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on July 15, 2004, alleging disability beginning on July 9, 2004, due to migraines and fibromyalgia and arthritis causing pain in her feet, legs, hips and back (Tr. 92-93). This application was denied initially, on reconsideration and by an administrative decision dated April 25, 2006. The Appeals Council, however, remanded the claim for further consideration. On

February 9, 2007, an administrative hearing was conducted by Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, James Miller, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 19, 2007, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 53 years old at the time of the hearing decision. She has a GED. Her past relevant work experience includes employment as a manager of retail sales and

an office clerk.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 30).

The ALJ then determined, at Step 2, that Plaintiff suffered from fibromyalgia, degenerative disc disease, arthritis, mood disorder due to medical condition, a history of joint/muscle pain/soreness, migraine headaches and sleep disturbances, which, in combination of impairments, are "severe" within the meaning of the Regulations (Tr. 25, 30).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 30).

The ALJ further found that Plaintiff could not return to his/her past relevant work (Tr. 30) but determined that she has the residual functional capacity ("RFC") to perform a significant range of light work (Tr. 31).The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 29).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 30, 2007 (Tr. 9-12).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's

decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 13 and 15] and this matter is ripe for decision.

### III.  ANALYSIS

####   A.     Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

####   B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1)

the ALJ failed to properly consider the effects of her bilateral upper extremity impairments, (2) the ALJ failed to properly consider her mental limitations and (3) the ALJ failed to accord proper weight to the opinion of a treating physician, Dr. Manoochehr Mazloomdoost.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to properly consider the effects of her bilateral upper extremity impairments.

In his decision, the ALJ discussed, at length, Plaintiff's allegations of severe pain in her arms and shoulders. In addition, the ALJ found that Plaintiff's pain, fibromyalgia and arthritis constituted severe impairments at Step 2 of the sequential evaluation. Indeed, in the RFC, the ALJ limited Plaintiff to lifting or carrying no more than twenty pounds at a time [Tr. 29].

Having reviewed the record, the Court finds no evidence which would support limitations relative to Plaintiff's bilateral extremities beyond those determined by the ALJ. To the contrary, the medical records reveal that Plaintiff was "feeling great" [Tr. 539] and had a full range of motion [Tr. 538] as well as full strength in both her upper and lower extremities [Tr. 543]. There is no evidence of dislocation, fracture or destructive process. With regard to Plaintiff's symptoms, the record reveals mostly conservative treatment as well as trigger point injections for her fibromyalgia [Tr. 420]. The limitations suggested by the physicians of record are in accord with the ALJ's RFC.

The Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ failed to properly consider her mental limitations.

The ALJ found that the credible medical evidence of record did not support Plaintiff's allegations of disabling mental impairment [Tr. 28]. The Court finds no error in this assessment as the record is devoid of any psychiatric hospitalizations or mental health treatment until February 2005. After that, treatment notes from a counselor at the Cumberland River Comprehensive Care Center indicate a consistently normal mental status. As the ALJ concluded, there is simply no evidence of anything beyond the most moderate limitations in mental function.

Finally, Plaintiff contends that the ALJ failed to accord proper weight to the opinion of a treating physician, Dr. Manoochehr Mazloomdoost, that Plaintiff is disabled [Tr. 554].

The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

### III. CONCLUSION

6

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 7, 2008.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge